UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re GREEN JACOBSON, P.C., | ) | |
| | ) | Case No. 15-41404 |
| Debtor. | ) | |
| | ) | Chapter 7 Proceedings |

### MOTION FOR WITHDRAWAL OF REFERENCE

David P. Oetting, class representative ("Claimant") of the NationsBank Classes (collectively the "Class") in this Class Action, for his Motion pursuant to 28 U.S.C. § 157(d) for Withdrawal of Reference to the Bankruptcy Court of Class claim proceedings, states:

1. David Sosne, Chapter 7 trustee, (the "Trustee") of the bankruptcy estate of former class counsel Green Jacobson, P.C., (the "Debtor") filed an objection ("Objection") to Claim No. 1-1 (the "Class Claim") in *In re Green Jacobson P.C.*, Case No. No. 15-41404 (Bankr. E.D. Mo.). The Trustee's objection incorrectly suggests that the Class Claim (1) attempts to bring a legal negligence claim outside the applicable statute of limitations; and (2) Claimant lacks standing to sue the Debtor for professional negligence. A copy of the Objection is attached as **Exhibit 1**.

2. In oral remarks from the bench, the Bankruptcy Court in June 2015, *sua sponte* instructed the parties to seek resolution of all matters related to this Class Action in this Court rather than in the Article I court below. The Trustee, who subsequently entered his appearance in the Class Action, thus should have brought the Class Claim objection in the District Court pursuant to the instructions of this Court.

3. Claimant filed this motion to effect the oral instructions of the Bankruptcy Court that partially withdrew the reference provided by 28 U.S.C. § 157(a) and L.R. 81 – 9.01(B)(1) as to Class Action matters that may arise in the bankruptcy proceedings, including issues related to the Class Claim.

4. Claimant concurrently moved the Bankruptcy Court to abstain from or suspend proceedings on the Claim objection.

5. Section 157(d) of Title 28 provides that the District Court may withdraw any proceeding in bankruptcy court on timely motion of a party for cause shown. Here, the District Court, consistent with the prior statements of the Bankruptcy Court, should withdraw the reference and hear proceedings related to the Class Claim because:

(a) Given the complex factual background of this 17-year-old Class Action case, past appeals, and prior decisions by the District Court concerning Debtor as former Class Counsel, there is a great risk of inconsistent rulings if the Class Claim objection and related proceedings are heard by the Bankruptcy Court;

(b) The Bankruptcy Court itself has decided to refrain from ruling on issues involving the Class Action that may arise in the Green Jacobson bankruptcy case to avoid inconsistent rulings and in recognition of the District Court's authority under Article III of the Constitution;

(c) Given its familiarity with the facts and issues in the Class Action, including those raised by the Class Claim, this Court could more effectively and efficiently rule on the Trustee's Objection than the Bankruptcy Court;

(d) The ongoing audit of the Class Action of the settlement fund is still pending before the District Court and its final results may provide additional support to uphold the Class Claim;

(e) Issues raised by the Class Claim are closely related to those currently before the District Court, including the Claimant's standing to challenge any further award of fees and costs to the Debtor from the $98,114.34 in such fees and costs that the Eighth Circuit ordered the Debtor to disgorge pending further District Court proceedings,[1] the status of more than $30,000 in class settlement funds held in a Debtor-controlled account, and possible further disgorgement of Debtor's fees previously approved by the District Court;

(f) Although Claimant clearly has standing here to protect the interests of the Class for whom he was appointed a fiduciary in the Class Action, including filing the Class Claim, the District Court has primary jurisdiction to interpret the scope of and enforce its own order appointing Claimant as Class representative; and

(g) Withdrawal of the reference would not unfairly prejudice the Trustee, who already is actively participating in the Class Action case in the District Court.

---

[1] *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060 (8th Cir. 2015).

6. Withdrawal of the reference from the Bankruptcy Court would be consistent with its own prior decision to instruct the Trustee and other parties in interest to seek resolution of Class Action matters at the District Court, would provide a much more knowledgeable and efficient forum at the District Court for resolution of such matters, including the Claim objection, and avoid the risk of inconsistent rulings by the Bankruptcy Court and the District Court.

7. These unique facts and circumstance constitute cause for partial withdrawal of the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d).

WHEREFORE, David P. Oetting, as class representative of the NationsBank Classes, requests that this Court enter an Order (A) withdrawing for cause the reference of 28 U.S.C. § 157(a) from the United States Bankruptcy Court for the Eastern District of Missouri in *In re Green Jacobson* as to all matters related to this Class Action lawsuit; and (B) providing such other and further relief as is just and proper.

Respectfully submitted,

*/s/ David P. Oetting*
David P. Oetting, as Class Representative
8 Glenview Road
St. Louis, Missouri 63124

*/s/ Frank H. Tomlinson*
Frank H. Tomlinson
Tomlinson Law, LLC
2100 First Avenue North, Suite 600
Birmingham, Alabama 35203
Telephone: (205) 326-6626
E-mail:  hilton@tomlawllc.com
Class Counsel for the NationsBank Classes

CERTIFICATE OF SERVICE

3

The filing attorney certifies that on May 9, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties entitled to service.

/s/ David P. Oetting
David P. Oetting